Randall B. Bateman (USB 6482)
Taymour B. Semnani (USB 14882)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Tel: (801) 521-9000/Fax: (801) 363-0400
Email: ipg@scmlaw.com, rbb@scmlaw.com, ts@scmlaw.com

*Attorneys for Plaintiff*,
Blind Pig, LLC, d.b.a. BODEGA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLIND PIG, LLC, a Utah limited liability company, d/b/a BODEGA<br><br>Plaintiff,<br><br>vs.<br><br>BODEGA ON MAIN CORPORATION, a Utah corporation, PAOLA BELLO, an individual, NICHOLAS SMURTHWAITE, an individual, and Does 1-5<br><br>Defendant. | **COMPLAINTAND JURY DEMAND**<br><br>Case No. 2:16-cv-00403-BCW<br><br>Judge Wells |

Plaintiff, Blind Pig, LLC, d.b.a. Bodega, complains against Defendants Bodega on Main Corporation, Paola Bello and Nicholas Smurthwaite as follows:

## PARTIES

1. Plaintiff, Blind Pig, LLC, d.b.a. Bodega ("BODEGA") is a Utah limited liability company having a principle place of business at 331 South Main Street, Salt Lake City, Utah.

2. Defendant, Bodega On Main Corporation ("BODEGA ON MAIN") is a Utah Corporation having its principal place of business in Park City Utah.

3. On information and belief, Defendant Paola Bello ("BELLO") is an individual residing in or near Park City, Utah and is an officer of Defendant BODEGA ON MAIN.

4. On information and belief, Nicholas Smurthwaite ("SMURTHWAITE") is an individual residing in or near Park City, Utah and is an officer of Defendant BODEGA ON MAIN.

5. On information and belief, DOES 1-5 are individuals or corporate entities who have participated with the other Defendants in the actions alleged herein.

6. BODEGA ON MAIN, BELLO, SMURTHWAITE and DOES 1-5 are collectively referred to as Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq*. The Court has jurisdiction pursuant to 28 U.S.C. § 1338 and jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district under 28 U.S.C. §1391(b and d), pursuant to the Lanham Act and because the actions herein alleged took place within this jurisdiction and/or

because Defendants have sufficient contacts within the state to subject it to personal jurisdiction in this District. A substantial part of the property affected by this lawsuit is located within Utah and Defendants run a restaurant in Utah.

## GENERAL ALLEGATIONS

9. Plaintiff BODEGA is a restaurant/bar located at 331 South Main Street in Salt Lake City, Utah.

10. BODEGA officially opened in August of 2012 and officially registered BODEGA as its d.b.a. in August of 2012.

11. BODEGA includes two parts, a front portion which is more analogous to a conventional bar providing drinks and food, and a speakeasy/restaurant called The Rest, hidden behind a door having a neon sign says THE RESTROOM, with the ROOM portion of the sign flickering.

12. BODEGA quickly gained popularity as one of the top restaurants in Utah.

13. BODEGA is popular with both locals and those visiting from out of state.

14. Hotel concierges routinely recommend BODEGA to the guests of their hotels.

15. Because of its popularity, it is usually required to have reservations to obtain seating in The Rest.

16. BODEGA has also received considerable press both from local media outlets and from national publications. For example, BODEGA has been mentioned in local media such as: The Salt Lake Tribune, City Weekly, and Utah Stories. BODEGA has also been mentioned

in/on Forbes (where it was listed as one of the top 100 restaurants in the country), The New York Times, Sunset, Details, FSR, Slug Magazine, CITYHOME Collective, and Open for Business, ABC News, The Culture Trip and Bon Appetite.

17. Because of the considerable press BODEGA has received, BODEGA has obtained considerable goodwill with consumers in Utah and other states. Moreover, it is common for people to come from other parts of Utah to visit BODEGA.

18. BODEGA has strong common law service mark rights in the mark BODEGA for bar and restaurant services.

19. In 2015, the Defendants decided to open a restaurant on Main Street in Park City, Utah.

20. Defendants were placed on constructive notice of BODEGA due to the d.b.a. registered with the State of Utah.

21. On information and belief, BELLO and SMURTHWAITE were familiar with BODEGA.

22. Thus BELLO and SMURTHWAITE decided to call their new restaurant BODEGA ON MAIN.

23. BELLO and SMURTHWAITE were explicitly warned that using BODEGA ON MAIN for the name of their restaurant would create confusion with BODEGA, which is also on Main Street and which by then had become well known in Salt Lake and adjoining counties.

24. Despite the warnings, BELLO and SMURTHWAITE elected to proceed with using BODEGA ON MAIN for their restaurant.

25. On information and belief, BELLO and SMURTHWAITE hoped to trade off the goodwill of BODEGA to help launch BODEGA ON MAIN.

26. On information and belief, BODEGA ON MAIN opened in December 2015.

27. Within a short amount of time consumers became confused between the restaurants.

28. On several occasions customers have commented to employees of BODEGA about BODEGA's new restaurant in Park City.

29. Customers who had made reservations with BODEGA ON MAIN over the telephone or on-line have shown up at BODEGA and become upset that the restaurant did not have their reservation.

30. Because of the high demand for seating at BODEGA, BODEGA charges a $40.00 per guest fee for a missed reservation to discourage no shows and allow customers to obtain reservations. On numerous occasions BODEGA has charged customers the missed reservation fee only to learn that the customer had gone to BODEGA ON MAIN instead.

31. One customer posted a negative review on-line for BODEGA because the dish she had was subpar. The dish, however, is not served by BODEGA, but is on the menu at BODEGA ON MAIN.

32. Customers have made reservations on the BODEGA ON MAIN website and then called BODEGA to confirm their appointment. One woman in particular became extremely upset because she had tried numerous times to make a reservation on-line, but had been told repeatedly by BODEGA staff that there was no reservation for her. When she finally escalated

her complaints to the owner of BODEGA it was discovered that she was trying to book a reservation at BODEGA ON MAIN, not BODEGA.

33. The confusion caused by BODEGA ON MAIN has damaged, and unless enjoined, will continue to damage BODEGA's goodwill with the public. Such harm is irreparable and not fully compensable by money damages.

**FIRST CLAIM FOR RELIEF**
**(Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a))**

34. BODEGA incorporates and re-alleges the contents of the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

35. BODEGA is well known for its services.

36. BODEGA markets its services under the mark BODEGA.

37. The BODEGA mark has developed considerable goodwill among consumers.

38. Defendants have misrepresented to the public that their restaurant was affiliated with or sponsored by BODEGA, by using the name BODEGA ON MAIN, both on their restaurant and on-line.

39. Defendants' actions have created a likelihood of confusion among the public as to the affiliation or sponsorship of the services of Defendants' restaurant BODEGA ON MAIN by BODEGA.

40. Defendants' actions have created actual confusion among consumers.

41. On information and belief, Defendants used BODEGA ON MAIN mark with the specific purpose of misleading the public into believing that BODEGA ON MAIN was affiliated with BODEGA and to trade off BODEGA's substantial good will.

42. By reason of the foregoing, BODEGA asserts a claim against Defendants for injunctive relief and monetary damages for unfair competition pursuant to 15 U.S.C. §§ 1117 and 1125(a).

43. By reason of the foregoing, BODEGA asserts that the present case is exceptional and entitles BODEGA to treble damages and attorneys' fees.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition under the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101, et seq.)**

44. BODEGA incorporates and re-alleges the contents of the preceding paragraphs of this Complaint, as if the same were fully set forth herein, and further alleges:

45. Defendants' actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of BODEGA's intellectual property.

46. Defendant's actions constitute an infringement of BODEGA's service mark.

47. Defendants' tortuous actions have caused, and unless enjoined by this Court will cause in the future, irreparable damage, loss, and injury to BODEGA for which BODEGA has no adequate remedy at law.

48. Pursuant to Utah Code Ann. § 13-5(a)-103, BODEGA is entitled to actual damages, costs and attorney fees, and punitive damages.

49. By reason of the foregoing, BODEGA asserts a claim against the Defendant for violation of the Utah Unfair Competition Act.

**THIRD CLAIM FOR RELIEF**

**(Deceptive Trade Practice under the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-3, *et seq*.)**

50. BODEGA incorporates and re-alleges the contents of the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

51. Defendants, in the course of their business, caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, association or certification of services provided by Defendants.

52. Defendants have caused actual confusion among consumers to the detriment of BODEGA.

53. Pursuant to Utah Code Ann. § 13-11(a)-4, BODEGA is entitled to recover 3 times the amount of actual damages sustained, or $2,000, whichever is greater, plus court costs. BODEGA is also entitled to injunctive relief under Utah Code Ann. § 13-11(a)-4, attorneys' fees, and an order to cause Defendants to promulgate corrective advertising.

54. By reason of the foregoing, BODEGA asserts a claim against the Defendant for violation of the Utah Truth in Advertising Act.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**

55. BODEGA incorporates and re-alleges the contents the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

56. BODEGA has developed goodwill in the mark BODEGA for restaurant and bar services.

57. BODEGA ON MAIN has adopted a business name which is likely to cause confusion among consumers.

58. BODEGA ON MAIN has created actual confusion in a manner which has damaged BODEGA.

59. By reason of the foregoing, BODEGA asserts a claim against the Defendant for common law trademark infringement.

**FIFTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

60. BODEGA incorporates and re-alleges the contents the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

61. BODEGA has expended considerable time and resources developing and promoting its BODEGA mark.

62. Defendants were aware of the benefit of using the BODEGA mark and sought to appropriate the time and resources expended by BODEGA without the authorization or consent of BODEGA by naming their restaurant BODEGA ON MAIN.

63. By using the BODEGA's service mark without compensation to BODEGA, Defendants have been unjustly enriched.

64. By reason of the forgoing, BODEGA makes a claim against Defendants for Unjust Enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, BODEGA prays for judgment against the Defendants as follows:

A. Enjoin Defendant from providing services or advertising a bar or restaurant which includes the BODEGA service mark without authorization from BODEGA;

B. Enjoin Defendants from infringing BODEGA's service mark directly or contributorily;

C. Order Defendants to prepare an accounting of all proceeds generated by their development and use of the BODEGA mark;

D. Order Defendants to conduct corrective advertising to advise the public that competing services of BODEGA ON MAIN are not affiliated, connected or associated with BODEGA.

E. Award BODEGA its damages and/or any profits of Defendants and its costs of the action pursuant to 15 U.S.C. § 1117(a).

F. Award BODEGA treble its damages and/or Defendant's profits pursuant to 15 U.S.C. § 1117(b);

G. Find that this is an exceptional case and awarding BODEGA its attorneys' fees pursuant to 15 U.S.C. § 1117(a);

H. Award BODEGA treble damages or an amount not less than $2,000 for violation of the Utah Truth in Advertising Act, Utah Code Ann. §13-11a-4.

I. Award BODEGA injunctive relief, court costs, and attorneys' fees pursuant to the Utah Truth in Advertising Act, Utah Code Ann. §13-11a-4.

J. Award BODEGA actual damages for violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-103.

K. Award BODEGA its costs and attorneys' fees pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5a-103;

L. Award BODEGA punitive damages pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5a-103;

M. For any damages, awards or remedies available at common law;

N. For a disgorgement of any unjust enrichment obtained by Defendants;

O. Award BODEGA pre-judgment and post-judgment interest until such awards are paid; and

P. Award such other and further relief as is just and equitable.

BODEGA demands a trial by jury on all matters so triable.

DATED this 12th day of May 2016.

SNOW CHRISTENSEN & MARTINEAU

/s/Randall B. Bateman

Randall B. Bateman
Taymour B. Semnani

*Attorneys for Plaintiff*
Blind Pig, LLC, d.b.a BODEGA

Plaintiff's Address:
331 South Main St.
Salt Lake City, UT